**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLES JACOB DITARANTO,**
**DARCIE A. DITARANTO,**

          **Plaintiffs,**

-vs-                                      **Case No. 6:10-cv-1743-Orl-28KRS**

**PROFESSIONAL ENGINEERING**
**CONSULTANTS, INC., DAVID**
**HAMSTRA,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO REMAND (Doc. No. 10)**
>
> **FILED:** **December 8, 2010**

**I. PROCEDURAL HISTORY.**

Plaintiffs initially sued Defendants in state court alleging that Defendants negligently designed the storm water management system for the City of Debary and breached a fiduciary duty, resulting in flooding of their home when Hurricane Fay passed through Debary. Plaintiffs also alleged that Defendants violated their, unspecified, constitutional rights in violation of 42 U.S.C. § 1983. Defendants removed the case to this Court in Case No. 6:10-cv-545-KRS, and Plaintiffs moved to remand the case. During a hearing on the motion for remand, counsel for Plaintiffs represented that

the § 1983 cause of action was intended to be a *Jennings* reservation, pursuant to *Jennings v. Caddo Parish School Bd.,* 531 F.2d 1331 (5th Cir. 1976). Based on this representation, the Court remanded the case to state court as provided for in *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1331 (11th Cir. 2006).

Thereafter, Plaintiffs amended the state court complaint to allege that Defendants also deprived Plaintiffs of their rights under the Fourth Amendment to the United States Constitution. The Fourth Amendment allegation is that Defendants brought "a Volusia County Deputy Sheriff to Plaintiffs' property and threaten[ed] to arrest Plaintiff, Charles, if he did not allow Defendant to enter onto and search and inspect his land, without probable cause or a state of emergency." Doc. No. 2 ¶ 49.

Based on this new constitutional basis supporting the § 1983 cause of action, Defendants again removed the case to this Court. Plaintiffs ask the Court to again remand the case to state court arguing that the § 1983 claim continues to be simply a *Jennings* reservation.[1]

---

[1] The procedure for removal is outlined in 28 U.S.C. § 1446 and involves two distinct time periods for removal. The first time period relates to removal upon the filing of the initial complaint. In this regard the statute requires removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." The second time period applies when "the case stated by the initial pleading is not removable," and gives the defendant an opportunity to file a notice of removal "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiffs do not allege that the removal following the filing of the amended complaint was not timely.

**II.     ANALYSIS.**

In *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), the United States Supreme Court required plaintiffs to pursue any available state court remedies that might lead to just compensation for taking of their property before bringing suit in federal court under § 1983. Therefore, "a takings claim is not ripe until all avenues of compensation at the state level have been exhausted." *Fields v. Sarasota Manatee Airport Authority*, 953 F.2d 1299, 1303 (11th Cir. 1992) (citing Williamson, 473 U.S. at 194-95). In order to preserve the § 1983 claim, however, plaintiffs must include the federal constitutional claim in the complaint filed in state court or otherwise make a reservation of their federal constitutional claim, as provided for in *Jennings v. Caddo Parish School Bd.*, 531 F.2d 1331 (5th Cir. 1976), in the state court record. *Fields*, 953 F.2d at 1309. Until the state court remedies are exhausted, the constitutional claim is not ripe for resolution in federal court. The lack of ripeness deprives the federal court of subject matter jurisdiction. *Id.* at 1305. A case removed to federal court based on the constitutional claim asserted only to preserve the right to bring such a claim after state remedies are exhausted, should be remanded to state court because the federal claim is not ripe until the state causes of action are resolved. *See, e.g., Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1331 (11th Cir. 2006).

The addition of a claim of violation of Plaintiffs Fourth Amendment rights is separate and apart from the alleged "taking" as a result of the negligent design of the storm water management system. As such, it appears that the Fourth Amendment claim cannot be subject to the *Jennings* reservation and presents an independent federal question claim that supported removal of the case. *Cf. Secondo v. Campbell*, No. 4:07-cv-104-SPM/WS, 2009 WL 919719 (N.D. Fla. April 4, 2008)(dismissing federal takings claim for lack of subject matter jurisdiction, citing *Jennings*, but


considering separate claim of violation of Fourth Amendment rights).  Accordingly, while the Court may not have subject-matter jurisdiction over the part of the § 1983 claim that is intended to allege a Fifth Amendment takings claim, it may exercise subject-matter jurisdiction over that part of the § 1983 claim arising from alleged violation of the Fourth Amendment.  Under these circumstances, remand is not warranted.

### III.  RECOMMENDATION.

For the reasons stated in the foregoing report, I respectfully recommend that the Court **DENY** the Motion to Remand (Doc. No. 10).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy